## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANGEL SOLARI, individually and on behalf of all others similarly situated,** | |
| ***Plaintiff***, | |
| **v.** | Case No.: _____ |
| **LG ELECTRONICS USA INC.** | |
| ***Defendant.*** | CLASS ACTION COMPLAINT |
| | **<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Angel Solari ("Plaintiff") brings this Class Action Complaint against Defendant, LG Electronics USA Inc., ("Defendant") individually and on behalf of all others similarly situated, and alleges, upon personal knowledge as to Plaintiff's own actions and to counsels' investigation, and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1.      When a manufacturer sells a product, it has a duty to ensure that the product functions properly and safely for its advertised use and is free from defects. When a manufacturer discovers a defect, it must explicitly disclose the defect and make it right or cease selling the product. When a product manufacturer provides a warranty, it must stand by that warranty. This case arises from Defendant's breach of its duties and warranties.

2.      Plaintiff brings this action on behalf of himself, and all other similarly situated persons who purchased any of the following models of LG Slide-In Ranges and Freestanding Ranges

1

sold from 2015 through January 2025 for between $1,400 and $2,650.[1] ("Recalled Ranges", "Class Ranges", or "Ranges"):

| Model Number | Serial No. (From) | Serial No. (To) |
|---|---|---|
| LDE4411ST | 607KMXXXXXXX | 807KMXXXXXXX |
| LDE4413ST | 506KMXXXXXXX | 408KMXXXXXXX |
| LDE4413BD | 606KMXXXXXXX | 901KMXXXXXXX |
| LSE4611ST | 607KMXXXXXXX | 206KMXXXXXXX |
| LSE4611BD | 704KMXXXXXXX | 704KMXXXXXXX |
| LSE4613ST | 510KMXXXXXXX | 106KMXXXXXXX |
| LSE4613BD | 604KMXXXXXXX | 106KMXXXXXXX |
| LSEL6337D | 102KMXXXXXXX | 304KMXXXXXXX |
| LSEL6337F | 102KMXXXXXXX | 312KMXXXXXXX |
| LSEL6331F | 201MMXXXXXXX | 312MMXXXXXXX |
| LSEL6331F | 310KMXXXXXXX | 312KMXXXXXXX |
| LSEL6333F | 107MMXXXXXXX | 311MMXXXXXXX |
| LSEL6333F | 308KMXXXXXXX | 312KMXXXXXXX |
| LSEL6333D | 107MMXXXXXXX | 312MMXXXXXXX |
| LSEL6333D | 309KMXXXXXXX | 312KMXXXXXXX |
| LSEL6335D | 102KMXXXXXXX | 312KMXXXXXXX |
| LSEL6335F | 102KMXXXXXXX | 312KMXXXXXXX |

---

[1] https://www.cpsc.gov/Recalls/2025/LG-Recalls-Electric-Ranges-Due-to-Fire-Hazard (last accessed on February 13, 2025)

| LTE4815BM | 802KMXXXXXXX | 001KMXXXXXXX |
|-----------|--------------|--------------|
| LTE4815BD | 802KMXXXXXXX | 207KMXXXXXXX |
| LTE4815ST | 801KMXXXXXXX | 205KMXXXXXXX |
| LRE4215ST | 601KMXXXXXXX | 903KMXXXXXXX |
| LTEL7337F | 206KMXXXXXXX | 312KMXXXXXXX |

3.      This action is brought to remedy various violations of law in connection with Defendant's manufacturing, marketing, advertising, selling, and warranting of the Recalled Ranges.

4.      Specifically, the front-mounted knobs on the recalled ranges can be activated by accidental contact by humans or pets, posing a fire hazard[2] ("the Defect").

5.      On February 6, 2025, LG recalled about 500,000 ranges of the above referenced Recalled Ranges. [3]

6.      The allegations herein are based on personal knowledge as to Plaintiff's own experience and are made as to other matters based on an investigation by counsel, including analysis of publicly available information.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d). The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of

---

[2] Id.
[3] https://www.cbsnews.com/news/lg-electronics-recall-ranges-fire-burn-people-property-pets/ (last accessed on February 13, 2025)

interests and costs, and this is a class action in which more than two-thirds of the proposed Plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

8.   This Court has personal jurisdiction over Defendant LG because Defendant LG maintains a principal place of business within this District.

9.   Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. The Defendant sells and distributes its Ranges throughout the United States and within this District.

## PARTIES

10.  Angel Solari is a citizen of the state of Mississippi and resides in Madison, MS 39110. Madison is located within Madison County, Mississippi.

11.  Defendant LG Electronics USA Inc. is a corporation with its principal place of business at 111 Sylvan Ave, Englewood Cliffs, New Jersey 07632.

12.  Defendant designs, manufactures, markets, distributes, services, repairs, and sells Ranges, including the Recalled Ranges, nationwide. Defendant is the warrantor and distributor of the Recalled Ranges in the United States.

13.  Defendant, through various entities, markets, distributes, warrants, and sells Ranges, including the Recalled Ranges, in multiple locations across the United States.

## FACTUAL ALLEGATIONS

14.  In or around 2021, Plaintiff purchased the LG LSE4613BD Range from Home Depot, in Madison, Wisconsin for a second home he has in Wisconsin.

4

15.    Plaintiff's Range has a model number that is included within Defendant's Recall.[4]

16.    Based on LG's active and persistent promotions touting the quality of its Ranges, Plaintiff considered LG a quality company with a strong reputation for producing reliable Ranges.

17.    In addition to LG's reputation through its marketing and promotion, Plaintiff decided on the specific model because he believed it was a high-quality Range.

18.    Plaintiff has never been informed of any recalls or defects related to his Range by anyone affiliated with LG and has learned of the defects on social media.

19.    Mentioned earlier and discussed in more detail below, the Recalled Ranges contain a design defect that causes a serious safety concern. The design defect with the Recalled Ranges is contained in the front-mounted knobs on the recalled ranges can be activated by accidental contact by humans or pets, posing a fire hazard.

20.    To date, the Consumer Product Safety Commission has received at least 86 reports of unintentional activation of the front-mounted knobs. These LG ranges have been involved in more than 28 fires. At least five fires caused extensive property damage totaling over $340,000. At least eight minor injuries have been reported, including burns, and there have been reports of three fires involving pet deaths.[5]

21.    Assuming that the Recall was effective and offered a true resolution, Plaintiff is still burdened with a Range that has been devalued by Defendant's actions because the value of a Range with a known and dangerous defect is worth much less than a Range with a properly working and safe electrical cord.

---

[4] https://www.cpsc.gov/Recalls/2025/LG-Recalls-Electric-Ranges-Due-to-Fire-Hazard (last accessed on February 13, 2025)
[5] Id.

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action on behalf of himself and as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class and subclass are defined as follows:

> **Nationwide Class:** All persons in the United States who purchased any recalled LG range from sold from 2015 through January 2025.

> **Mississippi Subclass:** All persons from the State of Mississippi who purchased any recalled LG range from sold from 2015 through January 2025.

23.    Together, the Nationwide Class and the Mississippi Subclass will be collectively referred to as the "Class" or "Classes". Members of these Classes will be referred to as "Class Members".

24.    Plaintiff qualifies as a member of each of the proposed classes in the preceding paragraphs.

25.    Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of Defendant; (ii) a relative of an employee or independent contractor of Defendant; (iii) an employee of the Court where this action is pending.

26.    The proposed class definitions in Paragraph 22 as limited in Paragraph 25 may be amended or modified from time to time.

27.    The particular members of the (i) Nationwide Class, and (ii) Mississippi Subclass are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and

records in the possession or control of Defendant or its affiliates and agents and from public records.

28.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

29.     The Proposed Classes are so numerous that the joinder of all members is impracticable.

30.     This action has been brought and may be properly maintained on behalf of the Classes proposed herein under Federal Rule of Civil Procedure 23.

31.     **Numerosity: Fed. R. Civ. P. 23(a)(1)** Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information is in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

32.     **Typicality: Fed. R. Civ. P. 23(a)(3)** Plaintiff's claims are typical of the claims of the Class because Plaintiff purchased a Range that contained the same Defect found in all other Recalled Ranges.

33.     **Adequacy: Fed. R. Civ. P. 23(a)(4)** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class that he seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex and class action

litigation, and he intends to prosecute this action vigorously. The interests of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

34. **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** A class action is superior to all other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members, and questions of law and fact common to all Class Members predominate over questions affecting only individual class members. Class Members can be readily identified and notified based on, inter alia, Defendant's business records or other sources.

35. **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** Common Questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to:

    a. Whether the LG Ranges designed and sold by Defendant possess a material defect;

    b. Whether the Defect creates an unreasonable fire or burn risk;

    c. Whether Defendant knew or should have known that the LG Ranges possessed the Defect at the time of sale;

    d. Whether Defendant omitted to disclose the Defect;

    e. Whether Defendant concealed the Defect, once it knew of the defect;

    f. Whether Defendant breached express warranties relating to the LG Ranges;

    g. Whether Defendant breached implied warranties of merchantability relating to the LG Ranges;

    h. Whether Plaintiff and Class Members are entitled to damages;

i.   Whether Plaintiff and Class Members are entitled to replacement or repair of their defective LG Ranges;

j.   Whether Plaintiff and Class Members are entitled to restitution of the purchase price they paid for their defective LG Ranges; and

k.   Whether Plaintiff and Class Members are entitled to other equitable relief, including an injunction requiring that Defendant engage in a corrective notice campaign and/or a recall.

## CAUSES OF ACTION

## COUNT I

## BREACH OF EXPRESS WARRANTY

### (On Behalf of Plaintiff and the Classes)

36.   Plaintiff incorporates paragraphs 1-35 as if fully set forth herein.

37.   Plaintiff brings this count on behalf of himself and the Classes.

38.   Plaintiff and other Class Members formed a contract with Defendant at the time they purchased their Recalled Ranges. The terms of the contract include the promises and affirmations of fact and express warranties made by Defendant.

39.   Under the UCC, the terms of the contract include the promises and affirmations of fact made by Defendant on the Recalled Ranges' packaging and through marketing and advertising, as described above.

40.   This labeling, marketing, and advertising constitute express warranties and became part of the basis of the bargain and are part of the standardized contract between Plaintiff and the members of the Class and Defendant.

9

41. As set forth above, Defendant purports through its advertising, labeling, marketing, and packaging, to create an express warranty that the Recalled Ranges are safe for their intended use.

42. Plaintiff and the members of the Class performed all conditions precedent to Defendant's liability under this contract when they purchased the Recalled Ranges.

43. Defendant breached express warranties about the Recalled Ranges and their qualities because Defendant's Recalled Ranges contained defects, and the Recalled Ranges do not conform to Defendant's affirmations and promises described above.

44. Plaintiff and each of the members of the Class would not have purchased the Recalled Ranges had they known the true nature of the Defect.

45. As a result of Defendant's breach of warranty, Plaintiff and Class Members suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

46. Plaintiff suffered injury through Defendants conduct in that he suffered economic loss and purchased a Range that is now worthless and unsafe.

47. Plaintiff also suffered economic loss in reference to the value of his Range.

48. Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relied, as well as costs and attorneys' fees, available under law.

## COUNT II

### BREACH OF IMPLIED WARRANTY

49. Plaintiffs incorporate by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

50. Defendant is engaged in the business of designing, manufacturing, constructing, making, selling, distributing, labeling, advertising, retailing, and/or otherwise placing the Product into the stream of commerce.

51. The Products are "goods" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the Products, as goods, were purchased.

52. The implied warranty of merchantability included with the sale of each Product means that Defendant guaranteed that the Products would be fit for the ordinary purposes for which Ranges are used and sold and were not otherwise injurious to consumers. The implied warranty of merchantability is part of the basis for the benefit of the bargain between Defendant, and Plaintiff and the Class Members.

53. Defendant breached the implied warranty of merchantability because the Products are not fit for their ordinary purpose of providing reasonably safe Range products for cooking, because the Ranges have a risk of accidental activation and are a fire hazard. Therefore, the Products are not fit for their particular purpose.

54. Defendant's warranty expressly applies to the purchaser of the Products, creating privity between Defendant and Plaintiff and Class Members.

55. However, privity is not required because Plaintiffs and Class Members are the intended beneficiaries of Defendant's warranties and its sale through retailers. Defendant's

retailers were not intended to be the ultimate consumers of the Products and have no rights under the warranty agreements. Defendant's warranties were designed for and intended to benefit the consumer only, including Plaintiffs and Class Members.

56.    Defendant has been provided sufficient notice of its breaches of implied warranties associated with the Products. Defendant was put on constructive notice of its breach through its review of consumer complaints and other reports.

57.    Had Plaintiffs, Class Members, and the consuming public known that the Products could poison them and cause harm, they would not have purchased the Products or would have paid less for them.

58.    As a direct and proximate result of the foregoing, Plaintiffs and Class Members suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## COUNT III

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

59.    Plaintiffs incorporate by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

60.    Defendant is a merchant engaging in the sale of goods to Plaintiffs and the Classes.

61.    There was a sale of goods from Defendant to Plaintiffs and the Classes.

62.    As the developer, manufacturer, marketer, distributor, and/or seller of the defective Products, Defendant impliedly warranted to Plaintiffs and the Classes that its Products were fit for their intended purpose in that they would be safe for Plaintiffa and the Classes to use. Contrary to these representations and warranties, the Products were not fit for their

ordinary consumption, and did not conform to Defendant's affirmations of fact and promises included with the packaging.

63. Defendant breached the implied warranty in the contract for the sale of the Products by knowingly selling to Plaintiffs and the Classes a product that Defendant knew would expose Plaintiffs and the Classes to risks of injury, thus meaning Defendant knew that the Products were not fit for their intended use as a safe to use Range for cooking.

64. Defendant was on notice of this breach, as they were made aware of the fire hazard that can result from the use of their Products.

65. Plaintiffs and the Classes did not receive the goods as bargained for because the goods they received were not merchantable as they did not conform to the ordinary standards for goods of the same average grade, quality, and value.

66. Plaintiffs and members of the Classes are the intended beneficiaries of Defendant's implied warranties.

67. The Products were not altered by Plaintiffs or the members of the Classes.

68. Plaintiffs and members of the Classes used the Products in the ordinary manner in which such Ranges were intended to be used.

69. The Products were defective when they left the exclusive control of Defendant.

70. The Products were defectively designed and/or manufactured and unfit for their intended purpose as safe to use Ranges, and Plaintiff and members of the Classes did not receive the goods that they bargained for.

71.    Plaintiffs and members of the Classes purchased the Products that contained the Defect, which was undiscoverable by them at the time of purchase and at any time during the class period.

72.    As a result of the defect in the Products, Plaintiffs and members of the Classes have suffered damages including, but not limited to, the cost of the defective product, loss of use of the product and other related damage.

73.    Defendant breached the implied warranty of merchantability to the Plaintiffs and Class members.

74.    Thus, Defendant's attempt to limit or disclaim the implied warranties in a manner that would exclude coverage of the Defect is unenforceable and void.

75.    Plaintiffs and Class members have been damaged by Defendant's breach of the implied warranties.

76.    Plaintiffs and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relied, as well as costs and attorneys' fees, available under law.

## COUNT IV

### UNJUST ENRICHMENT

**(On Behalf of Plaintiff and the Classes)**

77.    Plaintiff incorporates paragraphs 1-76 as if fully set forth herein.

78.    Plaintiff brings this count on behalf of himself and the Classes.

79.    Plaintiff, and the other members of the Classes, conferred benefits on Defendant in the form of monies paid to purchase Defendant's worthless Recalled Ranges.

14

80.    Defendant voluntarily accepted and retained this benefit. Defendant has knowledge and appreciation of this benefit, which was conferred upon it by and at the expense of Plaintiff and the Class Members.

81.    Because this benefit was obtained unlawfully, namely by selling and accepting compensation for the Recalled Ranges without providing properly functioning heat control knobs in the Recalled Ranges, it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

82.    The circumstances, as described herein, are such that it would be inequitable for Defendant to retain the ill-gotten benefit without paying the value thereof to Plaintiff and the Class Members.

83.    Defendant manufactured, marketed, and sold the Recalled Ranges under the guise of these Ranges being safe and operable, without faulty heat control knobs. Instead, Defendant sold Ranges that were deadly fire hazards and burn risks, given the defect.

84.    Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Classes is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Classes for its unjust enrichment, as ordered by the Court.

85.    Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relied, as well as costs and attorneys' fees, available under law.

## COUNT V

## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT N.J.S.A. 56:8-2

### (On Behalf of Plaintiff and the Classes)

86.    Plaintiff incorporates paragraphs 1-85 as if fully set forth herein.

87.    New Jersey's Consumer Fraud Act (CFA) establishes that: "the act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice".

88.    Defendants engaged in unlawful, fraudulent and unfair business practices.

89.    Defendant's misconduct constituted unlawful business acts or practices within the meaning of the FCA.

90.    Plaintiffs and Classes suffered actual harm, damages and economic losses and Plaintiff and the Classes will continue to suffer such harm, damages and economic loss in the future.

91.    Defendant's misconduct was a substantial factor in causing and proximately caused Plaintiff's and the Classes actual harm, damages and economic loss in the future.

92.    Defendant's conduct was reckless and a willful disregard of the rights and interest of Plaintiff and the Classes. Defendants acted intentionally, maliciously and oppressively,

with a willful and conscious disregard of the rights of Plaintiff and the Classes so as to constitute oppression, fraud or malice under the law.

93. Plaintiffs and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## COUNT VI

### COMMON LAW FRAUD

#### (On Behalf of Plaintiff and the Classes)

94. Plaintiff incorporates paragraphs 1-93 as if fully set forth herein.

95. Plaintiff is a consumer who purchased an LG Range affected by the recall.

96. Defendant LG Electronics USA, Inc. is a foreign corporation responsible for the design, manufacture, and distribution of the Defective Product.

97. Defendant made material misrepresentations and/or omissions regarding the safety and reliability of the Defective Product, including but not limited to:

   a. Misrepresenting that the Defective Product was safe for consumer use;

   b. Failing to disclose that the Defective Product had a design defect that could cause unintentional activation of the heating elements;

   c. Concealing the risks of fire, injury, and property damage associated with the Defective Product;

   d. Continuing to market and sell the Defective Product despite knowledge of these defects and associated hazards.

17

98.     Defendant knew or should have known that the misrepresentations and omissions with the intent that consumers, including Plaintiff, would rely upon them when purchasing the Defective Product.

99.     As a direct and proximate result of Defendant's deceptive and unfair conduct, Plaintiff and members of the Class have suffered ascertainable losses, including but not limited to: Overpayment for a defective and hazardous product; Costs associated with mitigating the risk of fire and injuries, including monitoring and safeguarding the range when not in use; and Diminished value of the Defective Product.

100.    Defendant's fraudulent conduct was intentional, willful and malicious.

101.    Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relied, as well as costs and attorneys' fees, available under law.

## COUNT VII

### STRICT LIABILITY- FAILURE TO WARN

### (On behalf of the Nationwide Class and, alternatively, the Classes)

102.    Plaintiff incorporates paragraphs 1-101 as if fully set forth herein.

103.    Defendant had a duty to warn Plaintiff and the Class members regarding the Defect, that being the risk of harming consumers due to a fire hazard, within the Product.

104.    Defendant, which is engaged in the business of selling, manufacturing and supplying the Product, placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the Product.

105.   The Product supplied to Plaintiff and Class Members was defective in design and formulation and unreasonably dangerous when they left the hands of Defendant and reached consumers, including Plaintiff and Class Members, without substantial alteration in the condition in which they were sold.

106.   Defendant was in a superior position to know of the Defect, yet as outlined above, chose to do nothing when the defect became known to them.

107.   Defendant failed to provide adequate warnings regarding the risks of the Product after knowledge of the Defect was known only to them.

108.   Defendant had information regarding the true risks but failed to warn Plaintiff and members of the Classes to strengthen their warnings.

109.   Despite their knowledge of the Defect and obligation to unilaterally strengthen the warnings, Defendant instead chose to actively conceal this knowledge from the public.

110.   Plaintiff and members of the Classes would not have purchased, chosen, and/or paid for all or part of the Products if they knew of the Defect and the risks of purchasing the Products.

111.   This Defect proximately caused Plaintiff and Class members' damages.

112.   The Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

## COUNT VIII

## STRICT LIABILITY- DESIGN AND FORMULATION DEFECT

### (On behalf of the Nationwide Class and, Classes)

113.   Plaintiff incorporates paragraphs 1-112 as if fully set forth herein.

19

114.    The design and formulation of the Product was defective and unreasonably dangerous.

115.    The risk of fire hazard contained within the Product creates unreasonable danger.

116.    The design and formulation of the Product rendered it not reasonably fit, suitable, or safe for their intended purpose.

117.    The risk of fire hazard contained within the Product outweighed the benefits and rendered the Product unreasonably dangerous.

118.    Defendant's Products were defective because the design and formulation of the Products included a defect which could create a risk of fire hazard.  After Defendant knew or should have known of the risk of fire hazard found in the Product, Defendant continued to promote the Product as safe and effective to the Plaintiff, Class Members, and public.

119.    There are other Ranges that do not pose the risk of fire hazard, meaning that there were other means of production available to Defendant.

120.    The Product is unreasonably unsafe, and the Product should not have been sold in the market.

121.    The Product did not perform as an ordinary consumer would expect.

122.    The Defendant's negligent design/formulation of the Product is the proximate cause of damages to the Plaintiff and the Class members.

123.    Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## COUNT IX

### NEGLIGENT FAILURE TO WARN

#### On behalf of the Nationwide Class and, alternatively, the Classes)

124.    Plaintiff incorporates paragraphs 1-123 as if fully set forth herein.

125.    Defendant owed Plaintiff and Class members a duty of care and to warn of any risks associated with the Product.

126.    Defendant knew or should have known of the defect but failed to warn Plaintiff and Members of the Classes.

127.    Plaintiff had no way of knowing of the Product's latent defect.

128.    Defendant's failure to warn caused Plaintiff and Class members economic damages and injuries in the form of lost value due to risk of fire hazard.

129.    Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## COUNT X

### NEGLIGENT DESIGN AND FORMULATION DEFECT

#### (On behalf of the Nationwide Class and, alternatively, the Classes)

130.    Plaintiff incorporates paragraphs 1-129 as if fully set forth herein.

131.    Defendant owed Plaintiff and the Classes a duty to design and formulate the Product in a reasonable manner.

132.    The design and formulation of the Products was defective and unreasonably dangerous, causing exposure to a material with harmful effects. Thus, the Product is now worthless.

133.    The design and formulation of the Product caused them to not be fit, suitable, or safe for their intended purpose. The dangers of the Product outweighed the benefits and rendered the product unreasonably dangerous.

134.    There are other ranges that do not expose the consumers to a risk of fire hazard.

135.    The risk/benefit profile of the Product was unreasonable, and the Product should have had stronger and clearer warnings or should not have been sold in the market.

136.    The Defendant's negligent design/formulation of the Product was the proximate cause of damages to the Plaintiff and the Class members.

137.    Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## COUNT XI

### NEGLIGENCE

**(On behalf of the Nationwide Class and, alternatively, the Classes)**

138.    Plaintiff incorporates paragraphs 1-137 as if fully set forth herein.

139.    Defendant owed a duty to consumers to produce a product that was safe for its intended use.

140.    Defendant breached this duty by producing a product that was dangerous for its intended use. Defendant knew or should have known that defective Ranges would cause injuries once exposed to humans and thus be worthless as safe-to-use Products.

141.    As a direct result of this breach, Plaintiff suffered injury in that Plaintiff has been deprived of their benefit of the bargain. Plaintiff's injuries were caused in fact by Defendant's breach.

But for Defendant's negligent manufacture and improper oversight, Plaintiff would not have been injured.

142.    Further, Plaintiff's injuries were proximately caused by Defendant's breach. It is foreseeable that poorly designed and formulated Ranges would cause injury, and it is foreseeable that a user would lose their benefit of the bargain if they purchased dangerous Products.

143.    Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes, alleged herein, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

a.   Certifying the Class as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

b.   Declaring that Defendant is financially responsible for notifying the Proposed Classes Members of the pendency of this action

c.   Award all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class Members are entitled;

d.   Scheduling a trial by jury in this action;

e.   Awarding pre and post-judgment interest on any amounts awarded, as permitted by law;

f.   Costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

23

g.  Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

Dated: February 17, 2025

Respectfully submitted,

*/s/ Philip J. Furia*

Philip J. Furia, Esq.
Jason P. Sultzer, Esq.
**SULTZER & LIPARI, PLLC**
85 Civic Center Plaza, Suite 200
Poughkeepsie, New York 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
furiap@thesultzerlawgroup.com
sultzerj@thesultzerlawgroup.com

-AND-

Paul J. Doolittle, Esq. (Pro Hac Vice forthcoming)
**POULIN | WILLEY ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
Email: paul.doolittle@poulinwilley.com
        cmad@poulinwilley.com

*Attorneys for Plaintiff*

24